**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TERESA M. ALTMAN, <br><br>         Plaintiff-Appellant, <br><br> v. <br><br> ANDREW M. SAUL, Commissioner of Social Security, <br><br>         Defendant-Appellee. | No. 18-36099 <br><br> D.C. No. 3:17-cv-05867-RSM <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
For the Western District of Washington
Ricardo S. Martinez, District Judge, Presiding

Submitted February 7, 2020[**]
Seattle, Washington

Before:    M. SMITH and N.R. SMITH, Circuit Judges, and TUNHEIM,[***] District Judge.

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes that this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable John R. Tunheim, Chief United States District Judge for the District of Minnesota, sitting by designation.

Teresa Altman appeals the district court's judgment affirming the Social Security Administration's final decision to deny Altman's application for disability benefits. We review de novo the district court's order. *Dale v. Colvin*, 823 F.3d 941, 943 (9th Cir. 2016). "We must affirm the Commissioner's final decision if it is supported by substantial evidence and is free of legal error." *Id.* (citing 42 U.S.C. § 405(g)). Moreover, "we may not reverse an [Administrative Law Judge's ("ALJ")] decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012). We affirm the district court.

Substantial evidence supported the ALJ's weighing of the medical evidence. The ALJ properly rejected the opinions of Dr. Johns and Dr. Zenger and gave "specific and legitimate reasons that are supported by substantial evidence" for doing so, citing contradictory medical and non-medical evidence, as well as Altman's own work history. *Revels v. Berryhill*, 874 F.3d 648, 654 (9th Cir. 2017) (quoting *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008)). Substantial evidence also supported the ALJ's reliance on the opinions of the nonexamining physicians as their opinions were consistent with the record as a whole. *See Magallanes v. Bowen*, 881 F.2d 747, 752 (9th Cir. 1989) (upholding ALJ's reliance on nontreating, nonexamining physician's testimony when it was consistent with the record and not the sole basis for rejecting the opinions of a

2

treating physician). Substantial evidence also supported the ALJ's reliance on the opinion of Dr. Meed West, Altman's treating chiropractor, as his opinion was consistent with the record as a whole and his own treatment notes.[1] *See Revels*, 874 F.3d at 654.

The ALJ did not err in discounting Altman's testimony because he offered specific, clear and convincing reasons for doing so. *See Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). The ALJ noted Altman's testimony regarding the severity of her symptoms was inconsistent with the date her disability began, the fact that Altman stopped working for reasons unrelated to her disability, Altman's reported daily activities, the objective medical evidence, and other evidence in the record. *See id.* at 1040 (discussing relevant factors for evaluating a claimant's testimony). Altman also argues the ALJ erred in discounting Altman's own testimony because the ALJ based his analysis on an improper weighing of the medical evidence. Because we conclude that the ALJ properly weighed the medical evidence, this argument fails.

---

[1] Altman lists areas of medical evidence she deems "consistent" with her testimony in arguing the ALJ erred in weighing the medical evidence. Because we conclude that the ALJ did not err in weighing the medical evidence, this argument fails. *See Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001), *as amended on reh'g* (Aug. 9, 2001) (noting the ALJ is "responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities.").

The ALJ also gave germane reasons supported by substantial evidence for giving little weight to the lay testimony of Altman's husband, Lester Riter. *See Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993) ("If the ALJ wishes to discount the testimony of the lay witnesses, he must give reasons that are germane to each witness."). For example, the ALJ explained that, contrary to Mr. Riter's testimony, "recent records show that the claimant is successfully using lists to help remember things, and her cognitive symptoms are mild at best." *See Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) (noting that "[i]nconsistency with medical evidence" is a germane reason for discounting the testimony of a lay witness).

The ALJ erred, however, in "disregard[ing] without comment" the statements of Social Security Administration Interviewer I. Akimenko. *Molina*, 674 F.3d at 1114. The error, however, was harmless, as Mr. Akimenko's statements "did not describe any limitations beyond those" described by other statements, which the ALJ had discussed and properly discredited. *Id.* at 1122. Indeed, Mr. Akimenko's statements that the "interview process was very slow," Altman appeared to be in a "mental fog," and Altman communicated in a tangential manner, are consistent with statements made by Mr. Riter, Altman, and Drs. Johns and Zenger. For example, Drs. Johns and Zenger both noted Altman's cognitive capacity was exacerbated by her tangentiality and circumstantiality; Mr. Riter noted that Altman was "slower"

and misses or forgets things; and Altman noted that she was "slower" mentally and her disability pertains to her "difficulty thinking." The ALJ considered these statements and properly discounted them for several reasons, including inconsistencies with the medical record and her daily activities.

Similarly, Mr. Akimenko's statements are "contradicted by more reliable medical evidence that the ALJ credited." *Id.* at 1119. The failure by the ALJ to expressly comment on Mr. Akimenko's statements is, therefore, "'inconsequential to the ultimate nondisability determination' in the context of the record as a whole" and harmless. *Id.* at 1122 (quoting *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)).

The ALJ's residual functional capacity and step five finding are supported by substantial evidence, as the ALJ reasonably weighed the record evidence and reasonably accounted for all of Altman's limitations. *See Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1173–75 (9th Cir. 2008).

**AFFIRMED.**

5